# In the United States Bankruptcy Court for the Southern District of Georgia
## Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| JEWETT W. TUCKER | ) | |
| (Chapter 7 Case Number <u>08-40990</u>) | ) | Number <u>10-4040</u> |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| BENJAMIN R. ROACH, TRUSTEE | ) | **FILED** |
| | ) | Samuel L. Kay, Clerk |
| *Plaintiff* | ) | United States Bankruptcy Court |
| | ) | Savannah, Georgia |
| | ) | By lbarnard at 3:50 pm, Jul 06, 2011 |
| v. | ) | |
| | ) | |
| LJN ASSOCIATES, L.P. and | ) | |
| SOUTHEAST TIMBERLANDS, INC. | ) | |
| | ) | |
| *Defendants* | ) | |

## MEMORANDUM AND ORDER ON MOTION TO TRANSFER VENUE, OR ALTERNATIVELY TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

This case involves a transaction between Southeast Timberlands, Inc. ("SET") and LJN Associates, L.P. ("LJN"). Debtor Jewett Tucker filed Chapter 11 on June 5, 2008, and his case was converted to Chapter 7 on August 5, 2009. The Trustee has commenced an Adversary Proceeding against SET (Tucker's wholly-owned LLC) and LJN to recover money from an allegedly fraudulent transfer. Counsel for LJN has moved this

AO 72A
(Rev. 8/82)

Court to transfer venue, alleging that venue is improper under applicable law. That Motion, along with SET's assertion that the proceeding should be dismissed for failure to state a claim, is the subject of this Order. Based on the parties' briefs and applicable authorities, I make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

Debtor filed Chapter 11 on June 5, 2008. Petition, Case Dckt. No. 1.[1] On June 11, 2008, SET entered into an agreement to sell 73 acres of land, located in Peach County, Georgia (the "Land"), to LJN for $7.325 million.[2] Memorandum in Support, A.P. Dckt. No. 45-1, p. 3 (Apr. 22, 2011); Response, A.P. Dckt. No. 46, p. 2. As part of that transaction, LJN paid SET $5.49 million in cash and delivered a non-recourse note for $1.835 million. Closing Statement, A.P. Dckt. No. 1-2, p. 1. Concurrent with that transfer, SET paid LJN $953,536.00 in exchange for an option to repurchase the Land for more than $8 million. Memorandum in Support, A.P. Dckt. No. 45-1, p. 3; Response, A.P. Dckt. No. 46, p. 3. The net effect of the transaction was that SET received (in exchange for the Land)

---

[1] References in this Order to the adversary proceeding docket appear in this format: "A.P. Dckt. No. ___." References to the Chapter 11 case docket appear in this format: "Case Dckt. No. ___."

[2] I take this opportunity to note that the Trustee has alleged that there is some ambiguity as to the date of the transaction. Response, A.P. Dckt. No. 46, p. 5 (May 9, 2011). The Trustee asserts that "[t]he Southeast Note, given as partial payment of the option at issue, is dated June 4, 2008, a day before Debtor's Chapter 11 petition." Id.

However, the Note dated June 4, 2008, is unsigned. Promissory Note, A.P. Dckt. No. 47, Exh. B-1 thereto. The signed Note is dated June 11, 2008. Promissory Note, A.P. Dckt. No. 46, Exh. A-1 thereto. The unsigned Note simply evidences that the parties contemplated some form of this transaction in the days prior to the closing, which occurred on June 11, 2008. Accordingly, there is no ambiguity regarding the date of the transaction.

$4,536,464.00[3] net in cash, a non-recourse note for $1.835 million, and an option to repurchase the Land for more than $8 million.

The case was converted to Chapter 7 by Order of this Court on August 5, 2009. In re Tucker, 411 B.R. 530 (Bankr. S.D. Ga. 2009) (Davis, J.). The Trustee was appointed at that time. On May 28, 2010, he commenced an Adversary Proceeding against SET and LJN, alleging that the sale of the Land was fraudulent pursuant to § 548(a) of the Bankruptcy Code, and that the transfer was therefore avoidable. Complaint, A.P. Dckt. No. 1. LJN answered, raising the issues of Trustee's standing, improper venue, a lack of personal jurisdiction, a lack of subject matter jurisdiction, and failure to state a claim upon which relief can be granted. Answer, A.P. Dckt. No. 16 (July 28, 2010). LJN asserts that venue is improper pursuant to 28 U.S.C. § 1409(d), and requests this Court to transfer venue to the Northern District of Georgia, where LJN resides. Motion, A.P. Dckt. No. 45. LJN has moved this Court to dismiss the case for failure to state a claim upon which relief can be granted, asserting that the transfer occurred post-petition, and that § 548(a) is inapplicable to post-petition transfers. Memorandum in Support, A.P. Dckt. No. 45-1, p. 4..

SET's Answer asserts as an affirmative defense that the Complaint fails to state a claim upon which relief can be granted. Answer, A.P. Dckt. No. 18 (July 28, 2010). This Order addresses LJN's Motion to Transfer Venue and SET's assertion that the Trustee

---

[3] $5.49 million from LJN less the $953,536.00 SET paid for the option to repurchase.

3

AO 72A (Rev. 8/82)

has failed to state a claim upon which relief can be granted.

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 12(b) through (i) is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b). Because LJN raised the defense of improper venue in its answer, that defense was properly preserved. *See* Fed. R. Civ. P. 12(b)(3); 12(h)(1)(B)(ii). SET raised the defense that the Trustee failed to state a claim upon which relief can be granted, as allowed by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(6); 12(h)(2)(A).

### I. The Complaint Fails to State a Claim Upon Which Relief Can be Granted Against SET

The Trustee alleged in its Complaint the following allegedly fraudulent transfers from SET to LJN:

> 27. The payment of $953,536.00 from [SET] to LJN was a transfer of an interest in property of Debtor to LJN.
>
> 28. [SET's] cancellation and forgiveness of the obligation of LJN to pay [SET] . . . pursuant to the [non-recourse] Note in the amount of $1,835,000.00 under the terms of the Agreement, was a transfer of a benefit from [SET] to LJN.
>
> 29. The transfer of the $935,536.00 to LJN and the cancellation and forgiveness of the obligation of LJN to pay $1,835,000.00 to [SET], bestowed benefits upon LJN for which [SET] . . . received

4

> less than a reasonably equivalent value in exchange.

Complaint, A.P. Dckt. No. 1, ¶¶ 27-29 (May 28, 2010). In each of the allegedly fraudulent transfers, SET was the transferor. Those transfers all occurred on June 11, 2008. *See supra* note 2. Tucker filed Chapter 11 on June 5, 2008. The Trustee has alleged that the transfers are fraudulent pursuant to 11 U.S.C. § 548(a). However, § 548 provides in relevant part that the Trustee, in certain circumstances, "may avoid any transfer . . . of an *interest of the debtor in property* . . . that was made or incurred on or within 2 years *before* the date of the filing of the petition . . . ." 11 U.S.C. § 548(a)(1) (emphasis added).

Because SET is not the Debtor (*see infra* note 4), and because the transfer was made *after* the filing of the petition, the Trustee has failed to state a claim against SET. SET will be dismissed from this Adversary Proceeding.

II. Venue is Improper in the Southern District of Georgia

LJN also requested that this Court dismiss the proceeding for failure to state a claim. Answer, A.P. Dckt. No. 16, p. 2 (July 28, 2010). However, before addressing the issue of failure to state a claim, this Court must address LJN's Motion to Transfer Venue. Motion, A.P. Dckt. No. 45. For the following reasons, I hold that venue is improper in the Southern District of Georgia.

### A. The Trustee Bears the Burden of Proof on the Issue of Venue

"Where a defendant raises the defense of improper venue, the plaintiff has the burden of proving that venue is proper. In meeting that burden, the plaintiff may rely upon the well pleaded factual allegations of the complaint, which the court will assume to be true." In re Bayview Plaza Assocs. Ltd. P'ship, 209 B.R. 840, 843 (Bankr. D. Del. 1997) (citing Shuman v. Computer Assocs. Intern., Inc., 762 F.Supp. 114, 116 (E.D. Pa. 1991)). LJN has raised the defense of improper venue. The Trustee therefore bears the burden of proving that venue is proper in the Southern District of Georgia.

### B. This Case Must be Brought in a District Court Where a Nonbankruptcy Case Could be Brought Against LJN

> A trustee may commence a proceeding arising under title 11 . . . based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the district court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

28 U.S.C. § 1409(d). Accordingly, if the following requirements are met, the Trustee may *only* bring this action in a district court where *the Debtor could have brought* a nonbankruptcy case against the Defendant:

    1) The proceeding arises under title 11;
    2) The claim arose after the petition date; and

6

3) The claim arises from the operation of the Debtor.

See In re Bayview Plaza, 209 B.R. 840 (holding that venue is proper when it lies in a district where the debtor could have brought the claim). For the following reasons, the above-mentioned requirements are met, and the Trustee may *only* bring this action in a district court where *the Debtor could have brought* a nonbankruptcy case against the Defendant.

### 1) The Proceeding is One "Arising Under" Title 11

The § 548 action is "arising under" title 11 because the cause of action (a § 548 action to avoid fraudulent transfers) arises from the Bankruptcy Code itself. See 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings *arising under* title 11 . . . ."); 28 U.S.C. § 157(b)(2)(H) ("Core proceedings include, but are not limited to . . . proceedings to determine, avoid, or recover fraudulent conveyances . . . .").

### 2) Any Such Claim Arose After the Petition Date

Debtor filed Chapter 11 on June 5, 2008. Petition, Case Dckt. No. 1. The transaction at issue in this case was closed on June 11, 2008. *See supra* note 2; Closing Statement, A.P. Dckt. No. 1-2, Exh. A (May 28, 2010); Promissory Note, A.P. Dckt. No. 1-2, Exh. B (May 28, 2010); Deed to Secure Debt, A.P. Dckt. No. 1-2, Exh. C (May 28, 2010). Accordingly, the claim arose after the petition date.

### 3) Any Such Claim Arises From the Operation of the Business of the Debtor

Debtor was in the business of land and timber investment. In operating his business and engaging in the transfers incident to that business, he formed, operated, and utilized six different corporate vehicles, including SET. *See* Statement of Financial Affairs, Case Dckt. No. 21, ¶ 18 (June 27, 2008). Therefore, when Debtor (as sole owner of SET) caused SET to sell the Land to LJN, that transaction was within the normal scope of the operation of his business.[4]

Accordingly, this Case must be heard in a district court where a non-bankruptcy case could be brought against Defendant LJN. 28 U.S.C. § 1409(d).

---

[4] The parties devote significant ink to the issue of how substantive consolidation of Debtor and SET, or alternatively piercing the corporate veil, might impact this ruling. Let me be clear: There has been no order substantively consolidating Debtor and SET. The Court has entered no order which should be read or construed as a consolidation order. The Trustee's Complaint in this case (Complaint, A.P. Dckt. No. 1) and in another Adversary Proceeding, have requested that this Court disregard SET as an entity and consider SET's assets to be assets of the Debtor. Complaint, Case No. 10-4045, Dckt. No. 1 (June 16, 2010).

In that Adversary Proceeding, the Trustee moved for Summary Judgment. Motion, Case No. 10-4045, Dckt. No. 21 (Dec. 23, 2010) SET's counsel moved this Court to clarify whether it should respond to the Motion for Summary Judgment. Motion, Case No. 10-4045, Dckt. No. 24 (Jan. 26, 2011). This Court ruled that because SET's counsel received instructions from the Trustee (as the sole shareholder of SET) not to defend this action, that he should comply. Roach v. Southeast Timberlands, Inc., Case No. 10-4045 (April 1, 2011). Because SET will no longer defend that action, LJN sought to intervene (Case No. 10-4045, Dckt. No. 35), and I granted that request. Roach v. Southeast Timberlands, Inc., Case No. 10-4045 (July 1, 2011). The issue is still open whether consolidation will be ordered. If the parties have interpreted any ruling as a finding of substantive consolidation or veil-piercing, let me dismiss that interpretation now.

Without placing too much gloss on the matter, I simply determined that the Trustee—as successor to Debtor—in administering the estate, had the legal right and duty to exercise corporate governance of SET. However, SET remains a separate entity. All the Trustee can do with SET (unless and until I issue a consolidation order) is operate it or liquidate its assets, pay its bills, and remit the balance—Debtor's equity in SET—to the *Debtor's* estate.

### C. A Non-Bankruptcy Case Could Not Be Brought Against LJN in the Southern District of Georgia

Because the instant cause of action arises from the Bankruptcy Code—a federal statute—federal jurisdiction is not founded solely on diversity of citizenship. Applicable federal venue provisions give the following three "Venue Options."

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). There is at least one district in which the action may be brought. *See infra* Part II.C.1). Venue Option Three is therefore excluded, and I will address Venue Options One and Two below.

### 1) LJN is the Only Defendant in this Case, and LJN Resides in the Northern District of Georgia

As stated above, venue properly lies in "a judicial district where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(b). SET will be dismissed from the Adversary Proceeding (*see supra* Part I), and LJN will be the only remaining Defendant in the Adversary Proceeding. LJN is a limited partnership, and as such

is treated as a corporation for determining venue. MacCallum v. New York Yankees P'ship, 392 F.Supp. 2d 259, 262-63 (D. Conn. 2005); Pippett v. Waterford Dev., LLC, 166 F.Supp. 2d 233, 237-38 (E.D. Pa. 2001). A corporation resides

> in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. § 1391(c). In the instant case, this means that LJN "shall be deemed to reside in any district in [Georgia] within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." Id.

Determining whether LJN would be subject to personal jurisdiction in the Southern District of Georgia requires an examination of

> whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend "traditional notions of

10

fair play and substantial justice."

Mutual Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004).

LJN's business affairs are conducted solely in Gainesville, Georgia. Declaration, A.P. Dckt. No. 45-4, ¶¶ 2, 3 (Apr. 22, 2011). LJN does not own any property in the Southern District of Georgia, and all negotiations regarding the transaction took place outside the Southern District of Georgia. Id. at ¶¶ 5, 8. The closing took place by exchanging documents; there was no face to face closing.[5] Id. at ¶ 9. LJN does not have the "minimum contacts" required to be subject to personal jurisdiction in the Southern District of Georgia. See generally Mutual Serv. Ins. Co., 358 F.3d 1312. Accordingly, LJN—for the purposes of § 1391(b) and (c)—resides in the Northern District of Georgia, and Venue Option One is unavailable.[6]

---

[5] LJN asserts that it executed all documents in Gainesville, Georgia (in the Northern District of Georgia). Declaration, A.P. Dckt. No. 45-4, ¶ 9. This Court recognizes that a deal is not "closed" until both parties have executed the transfer documents. Because LJN has asserted that it executed the documents outside the Southern District of Georgia, and because the Trustee has neither alleged nor proved that the deal was closed inside the Southern District, this Court finds that the closing took place outside the Southern District of Georgia.

[6] I take note that this determination itself—that LJN has insufficient contacts with the Southern District of Georgia to be subject to personal jurisdiction here—precludes this Court from proceeding in this matter. This defense was raised by LJN (Answer, A.P. Dckt. No. 19, p. 2), and would itself be dispositive of this Court's ability to rule in this proceeding. See Leroy v. Great Western United Corp., 443 U.S. 173, 180 (1979) ("The question of personal jurisdiction . . . is typically decided in advance of venue, [however,] when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue.")

11

### 2) No Part of the Events Which Led to this Claim Occurred in the Southern District of Georgia

As stated above, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b). The Property is located in Peach County (in the Middle District of Georgia), LJN conducts its business in Gainesville, Georgia (in the Northern District of Georgia), LJN owns no property within the Southern District of Georgia, and both the negotiations and closing occurred outside the Southern District of Georgia. Declaration, A.P. Dckt. No. 45-4, ¶¶ 3, 5, 7, 8.

The signed Promissory Note purports to be executed in Gainesville, Georgia (Northern District of Georgia). Promissory Note, A.P. Dckt. No. 46-1, Exh. A-1 thereto. The Deed to Secure Debt was notarized by a Bibb County (Middle District of Georgia) notary. Deed to Secure Debt, A.P. Dckt. No. 46-1, Exh. A-2 thereto. The Purchase Option purports to be executed in Bibb County, Georgia (Middle District of Georgia). Purchase Option Agreement, A.P. Dckt. No. 46-1, Exh. A-3 thereto. Therefore, the Southern District of Georgia is not "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(b). Accordingly, Venue Option Two is unavailable.

## CONCLUSION

Venue is improper in the Southern District of Georgia. The case must be brought in a District where a non-bankruptcy case could be brought against LJN. LJN is the only Defendant, and it neither resides in the Southern District for Georgia, nor has sufficient contacts with the Southern District of Georgia for venue to lie here.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). As explained above, LJN resides in the Northern District of Georgia. For the above-stated reasons, pursuant to 28 U.S.C. § 1409(d), venue is improper in the Southern District of Georgia. In the interest of justice, the proceeding will be transferred to the Northern District of Georgia.

## ORDER

For the foregoing reasons, IT IS ORDERED THAT Southeast Timberlands, Inc. be DISMISSED from this Adversary Proceeding.

IT IS FURTHER ORDERED THAT LJN's Motion to Transfer Venue is GRANTED, and the Trustee's Adversary Proceeding to Avoid Fraudulent Transfer will be

⊕AO 72A
(Rev. 8/82)

TRANSFERRED to the Northern District of Georgia.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This __6th__ day of July, 2011.